UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FELIX WILLIAMS, | ) | CASE NO. CV 13-9574 JVS (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE |
| M.D. BITER, Warden, | ) | |
| Respondent. | ) | |

The Court will dismiss this habeas action summarily because the face of the petition and judicially-noticeable information make clear that none of the petition's claims has been exhausted in the California Supreme Court. *See generally* 28 U.S.C. § 2254(b). As noted below, this may be because Petitioner mistakenly sent this Court a petition intended for the Los Angeles County Superior Court.

Generally, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." More specifically, the Ninth Circuit indicates that a district court presented with an entirely unexhausted petition may, or even must, dismiss the action. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a

1 habeas petition contains only unexhausted claims, it need not inquire further as to the
2 petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to
3 exhaust."), *citing Jimenez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (district court is
4 "obliged to dismiss [an entirely unexhausted petition] immediately" once respondent
5 moves for such dismissal).

6 The Court takes judicial notice that the petitioner in this case raised only one
7 claim on direct review, namely improper argument by the prosecution. *See People v.*
8 *Williams*, No. B234517, 2012 WL 4513857 (Cal.App.2d Dist.), at *3. After the California
9 Court of Appeal affirmed his conviction on October 3, 2012, *id.*, the California Supreme
10 Court denied a petition for further direct review on December 12, 2012. *See* docket in
11 *People v. Williams*, No. S206334 (Cal. Supreme Ct.), *available at*
12 http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=202912
13 6&doc_no=S206334. The Court further takes judicial notice that Petitioner has exhausted
14 no claims other than improper argument, for he has litigated no other actions in the
15 California Supreme Court, according to that court's public docket.

16 Yet in the current petition, Petitioner asserts several entirely different claims.
17 These are difficult to parse because he has improperly included several legal rights under
18 each claim heading. Among them are "Actual/ Factual Innocence," "Ineffective Assistance
19 of [trial and appellate] Counsel" and "Insufficient Evidence." *See* Pet. at 3. Nowhere does
20 he reassert his sole exhausted claim of improper argument. (He includes a bare mention
21 of the *term* "Prosecutorial Misconduct" as one of four legalistic terms in the caption for
22 Claim 2, *see* Pet. at 4, but he does not go on to *argue* in the petition that the prosecution
23 committed misconduct. Indeed, he does not explain the "misconduct" at all.) Thus, the
24 current petition is entirely unexhausted. A *Raspberry* dismissal is in order.

25 Another reason for dismissal is a more practical one. It appears that the
26 current petition is Petitioner's effort to exhaust several new claims in the *state* courts – and
27 that Petitioner simply mailed it to this Court by mistake. The petition's caption lists the
28 "Los Angeles County Superior Court" as the court being petitioned. The petition is

handwritten on a California Judicial Council form (MC-275) for state habeas petitions, rather than this Court's required habeas form (CV-69).

For the foregoing reasons, the Petition is DISMISSED WITHOUT PREJUDICE.

DATED: January 9, 2014

JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

- 3 -